STATE OF VERMONT

ENVIRONMENTAL COURT

In re: Appeal of Casella Waste    }
Management, Inc. and E.C.        }
Crosby & Sons, Inc.            }   Docket No. 110-7-99 Vtec
                               }
                               }

Decision and Order on Motion to Clarify and for Remand

Appellants are represented by John R. Ponsetto, Esq. and Robert F. O= Neill, Esq.; Cross-Appellants are represented by David W. Gartenstein, Esq.; Intervenors Perkins are represented by Robert E. Woolmington, Esq.; Intervenor Town of Sunderland is represented by Mary C. Ashcroft, Esq.; the Town of Manchester is represented by Gary G. Ameden, Esq. Cross-Appellants moved for clarification of the Court= s March 16, 2001 Decision and Order, and for remand of this matter to the Town of Manchester ZBA.

Appellant Casella owns and operates a solid waste transfer station which is a non-conforming use in the Farming and Rural Residential District of the Town of Manchester. In the application at issue in the present appeal, Appellant Casella proposed to construct an alternative access road to its solid waste transfer station, across a 31.5-acre parcel then owned[1] by Appellant Crosby, for access directly from Route 7A to the transfer station.

Appellants applied for the permit as an extension or expansion of an existing non-conforming use under ' 8.1.1.3 of the Zoning Ordinance. Cross-Appellants argued that the access road would be a new nonconforming use on a separate parcel of land not already in a nonconforming use, and therefore would not qualify to apply under ' 8.1.1.3 at all. They argued that, instead, Appellants would need to apply for a variance, and requested summary judgment that the property could not qualify[2] for a variance.

In the March 16, 2001 Decision, the Court ruled that the Town of Manchester= s Zoning Ordinance provides an approval process for expansions or extensions of nonconforming uses in ' 8.1.1.3, which does not limit the extent of an expansion that may be approved. The Court stated that even under the liberal terms of ' 8.1.1.3, an expansion onto what had been the Crosby parcel could only be considered if that parcel were purchased by and became part of the property owned by Appellant Casella. The Court noted that if the land had not come into Appellant Casella= s ownership, Appellants could not apply to expand a nonconforming use onto an adjacent parcel owned by another. The Court= s March 16, 2001 decision itself cited a comparison with In re Appeal of Deso[3], Docket No. 2000-237 (Vt. Supreme Ct., Feb. 8, 2001) (entry order of three-judge panel).

In their motion to clarify and for remand, Cross-Appellants appear to reiterate their argument that Appellant Casella= s nonconforming use cannot be expanded to an adjacent parcel without a variance, even if that land is acquired by Appellant Casella. The Court addressed and resolved this question in the March 16, 2001 decision. The Manchester ordinance, unlike the ordinances in the cases cited by Cross-Appellants, specifically provides for the expansion of nonconforming uses onto land not formerly occupied by the nonconforming use. If Cross-Appellants disagree with the provisions of the Manchester ordinance, their remedy is to seek amendment of the ordinance. The Court= s function is merely to interpret and apply that ordinance.

In the March 16, 2001 decision, this Court held that the nonconforming use cannot be expanded onto land owned by another. However, unlike the ordinances in many other towns, ' 8.1.1.3 of the

Manchester Ordinance allows an expansion of a nonconforming use onto the applicant= s land not previously occupied by the nonconforming use, if approved by the ZBA (or this court in the de novo appeal) according to criteria laid out in the ordinance. The former Crosby parcel has been purchased by and appears to have merged with the Casella parcel. If this is a disputed fact, evidence respecting it may be presented at the hearing. Section 8.1.1.3 allows Appellant Casella to apply to expand the use onto the remainder of its newly-acquired property.

Accordingly, Cross-Appellants= Motion to Clarify and Motion to Remand the matter to the ZBA for consideration of a variance application, is DENIED.

At the telephone conference held on April 6, 2001, the Court and the parties established the following schedule to govern the remainder of the case. On or before May 1, 2001, Applicants shall file a statement of their view of the scope of the merits hearing, with a copy of their application; any responses shall be filed by May 15, 2001. Also by May 15, 2001 Applicants shall disclose their expert witnesses and provide the other parties with any prefiled direct testimony they will wish to file. The Court will hold a scheduling and discovery conference pursuant to V.R.C.P. 16 and 16.2 on May 17, 2001 at 9:00 a.m. At that conference we will resolve any disputes about the scope of the merits hearing and will set dates for the Cross-Appellants to disclose their expert witnesses and prefiled direct testimony. All prefiled direct testimony shall be filed with the Court so that it is received at the Court on or before July 2, 2001. Any witness whose direct testimony will be presented in written form must be present in person at the merits hearing, at which time supplemental direct examination, cross examination, and rebuttal testimony will be allowed. Based on the parties= schedules as stated at the April 6 conference, we have reserved the following dates for the merits hearing at the Manchester Courthouse: Tuesday July 10, 2001; Wednesday, July 11, 2001; and, if necessary, Monday, July 16, 2001. Please advise the Court as soon as possible if any of those dates has become unavailable for any party.

Done at Barre, Vermont, this 17th day of April, 2001.

_____
Merideth Wright
Environmental Judge

___

**Footnotes**

[1.]    At the April 6, 2001 telephone conference, the parties advised the Court that the Crosby parcel had been acquired by Appellant Casella and had merged with the remainder of the Casella property. Any party disputing this fact may present evidence to the contrary at the hearing on the merits.

[2.]    On this latter point, in the March 16, 2001 decision, the Court noted that in the event Applicants wished to or were required to apply for a variance for the Crosby parcel, such an application would have to be made to the ZBA in the first instance and would not be considered

by this Court until or unless the ZBA had ruled and that ruling had been appealed. Therefore the Court did not address the merits of whether the property could qualify for a variance.

3.     The ordinance in the Deso case differs markedly from the Manchester ordinance. Moreover, in that case the nonconforming use had lapsed, and in any event had occurred on a parcel neither owned by nor merged with the applicant's land.